CINGULAR WIRELESS, LLC, a Delaware limited liability company, Plaintiff—Appellant,

v.

THURSTON COUNTY, a Washington municipal corporation, Defendant—Appellee.

No. 04–35659.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2005.

Decided Sept. 26, 2005.

**634**

Paul J. Lawrence, Esq., Amit D. Ranade, Esq., Preston Gates & Ellis LLP, Seattle, WA, for Plaintiff–Appellant.

W. Dale Kamerrer, Esq., Law Lyman Daniel Kamerrer, et al., Jeffrey G. Fancher, Esq., Edward G. Holm, Esq., Thurston County Prosecuting Attorney, Olympia, WA, for Defendant–Appellee.

Before: HUG, PAEZ, and CALLAHAN, Circuit Judges.

### MEMORANDUM *

In this action, Cingular Wireless ("Cingular") challenges Thurston County's ("the County") denial of a permit to construct a wireless communication facility ("WCF") in Olympia, Washington. Cingular's complaint alleged claims under the Telecommunications Act ("TCA"), 47 U.S.C. § 332(c), the Civil Rights Act, 42 U.S.C. § 1983, and Washington's Land Use Petition Act ("LUPA"), Wash. Rev.Code chapter 36.70C. The district court dismissed Cingular's state law claims and stayed the federal claims pending resolution of the state law claims in state court.

We have jurisdiction pursuant to 28 U.S.C. § 1291. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 8–9, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). We vacate the district court's order staying Cingular's federal causes of action and dismissing Cingular's state law claims and remand.[1]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**I.**

We review for an abuse of discretion the district court's decision to abstain from exercising its jurisdiction. *C–Y Development Co. v. City of Redlands,* 703 F.2d 375, 377 (9th Cir.1983). "[I]n cases involving abstention, discretion must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved." *Id.* Thus, "there is little or no discretion to abstain in a case which does not meet traditional abstention requirements." *Id.*

In staying Cingular's federal claims pending resolution of the state law claims in state court, the district court did not identify a specific abstention doctrine to support its decision. The County argues that the district court's decision to abstain from exercising its jurisdiction was appropriate under *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), and *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). We address each doctrine in turn and conclude that none support the district court's decision to stay Cingular's federal claims.

**A.**

■ A district court's stay of federal proceedings may be appropriate "in situations involving the contemporaneous exercise of concurrent jurisdictions[.]" *Colorado River,* 424 U.S. at 817, 96 S.Ct. 1236. The *Colorado River* doctrine does not apply in the absence of concurrent or pending state court proceedings. *Kirkbride v. Continental Cas. Co.,* 933 F.2d 729, 734

---

1. As the parties are familiar with the facts and procedural history of this case, we do not recite these details here.

(9th Cir.1991) (holding that because an action filed in state court had been removed to federal court, there was no concurrent or pending state proceeding to support *Colorado River* abstention); *Tucker v. First Maryland Savings & Loan, Inc.*, 942 F.2d 1401, 1407 (9th Cir.1991). Here, because litigation was not pending in state court at the time the district court stayed Cingular's federal causes of action, *Colorado River* did not justify the district court's stay order.

### B.

■ In this Circuit, to justify *Burford* abstention, we require that

(1) ... the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and (3) ... federal review might disrupt state efforts to establish a coherent policy.

*Poulos v. Caesars World, Inc.*, 379 F.3d 654, 671 (9th Cir.2004) (quotation omitted). *Burford* abstention is improper where state law provides for judicial review in any state court of general jurisdiction rather than concentrating review in a "particular or specialized" court. *See, e.g., S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 806 (9th Cir.2002); *City of Tucson v. U.S. West Communications*, 284 F.3d 1128, 1133 (9th Cir.2002). This factor is dispositive here. *See Kirkbride*, 933 F.2d at 734 (holding that "[t]he fact that California has not established a specialized court system to resolve disputes over insurance policy coverage convinces us that application of the *Burford* doctrine to this case is unwarranted."). The specialized court requirement applies in the land use regulatory context. *See, e.g., Rancho Palos Verdes Corp. v. City of Laguna Beach*, 547 F.2d 1092, 1096 (9th Cir.1976). We review de novo the question whether the requirements for *Burford* abstention are met, and

the district court's decision to abstain for an abuse of discretion. *Lynch*, 307 F.3d at 805.

Here, LUPA provides for judicial review of land use decisions in the Washington superior courts. *See* Wash. Rev.Code §§ 36.70C.040(1); 36.70C.130(1). Because LUPA permits judicial review in any state superior court and does not concentrate jurisdiction in a particular or specialized court, we conclude that *Burford* abstention was inappropriate.

### C.

We have held that *Pullman* abstention is appropriate when:

(1) the federal plaintiff's complaint requires resolution of a sensitive question of federal constitutional law; (2) the constitutional question could be mooted or narrowed by a definitive ruling on the state law issues; and (3) the possibly determinative issue of state law is unclear.

*Spoklie v. Montana*, 411 F.3d 1051, 1055 (9th Cir.2005) (quotation omitted). Whether these requirements are satisfied is a question we review de novo. *Id.* We review the district court's decision to abstain and stay proceedings under *Pullman* for an abuse of discretion. *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir.2003).

■ Cingular alleged that the County's applicable land use standards were impermissibly vague and therefore violated its due process rights under the Washington Constitution and the Fourteenth Amendment. The requirements for *Pullman* abstention are not satisfied here because the County has not identified an unsettled issue of state or local law that would be determinative of the federal claims. Washington courts have confronted vagueness challenges to land use regulations, including actions pursuant to Wash. Rev. Code section 36.70C.130(1)(b). *See, e.g.,*

*Young v. Pierce County,* 120 Wash.App. 175, 84 P.3d 927, 930 (2004); *Swoboda v. Town of La Conner,* 97 Wash.App. 613, 987 P.2d 103, 106–07 (1999); *Anderson v. City of Issaquah,* 70 Wash.App. 64, 851 P.2d 744, 751 (1993). The County has not argued that unconstitutional vagueness of land use planning criteria is an unsettled area of state law, nor has it identified a particular issue of state or local law that would control the outcome of Cingular's federal due process claim. In the absence of a possibly determinative issue of state law that is unclear, *Pullman* abstention does not apply here. *C–Y Development Co.,* 703 F.2d at 380.

\*  \*  \*  \*  \*  \*

Because the district court's decision to stay the federal claims was not supported by the *Colorado River, Burford* or *Pullman* doctrines, we conclude that the district court abused its discretion in abstaining from exercising its jurisdiction over Cingular's TCA and 42 U.S.C. § 1983 claims and vacate the order staying the federal claims.[2]

II.

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction when it has dismissed the claims over which it had original jurisdiction. Moreover, when an abstention doctrine applies, district courts may be obligated to decline to exercise supplemental jurisdiction over state claims. *City of Chicago v. Int'l College of Surgeons,* 522 U.S. 156, 174, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997). We review for abuse of discretion a district court's decision to decline to exercise supplemental jurisdiction.

*Bryant v. Adventist Health Sys./West,* 289 F.3d 1162, 1165 (9th Cir.2002).

Although the district court did not dismiss the federal claims over which it had original jurisdiction, its decision to stay these claims pending resolution of the LUPA claims in state court most likely explains its decision to decline the exercise of supplemental jurisdiction over the state claims. We conclude, however, that because the district court abused its discretion in abstaining, its stay of the federal claims does not justify its decision to dismiss the state claims. We therefore vacate the district court's order dismissing Cingular's state law claims. On remand, the district court may consider the effect of the pending state court proceedings on the federal litigation and its decision whether to exercise supplemental jurisdiction over the state law claims. In the event that the district court declines to assert supplemental jurisdiction, it should provide adequate reasons for its decision. *See Executive Software North America, Inc. v. United States District Court for the Central District of California,* 24 F.3d 1545, 1561 (9th Cir.1994).

**VACATED and REMANDED.**

---

**2.** The state court action filed by Cingular subsequent to the district court's stay order is currently pending in the Washington Court of Appeal. In the Washington Superior Court, Cingular challenged the denial of the SUP on the ground that it was not supported by substantial evidence. The Superior Court upheld the Board's denial of the SUP and dismissed Cingular's complaint, and Cingular appealed. We leave to the district court on remand to consider what impacts, if any, the state court developments have on the federal litigation.